RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/24/14
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| JOSHUA R. DONAVAN | DOCKET NO. 14-CV-942; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by pro se petitioner Joshua R. Donavan. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges his conviction and sentence for Conspiracy to Distribute Oxycodone and Methadone, in violation of 21 U.S.C. §841(a)(1), (b)(1)(C) and 846, and Distribution of Oxycodone, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

On July 29, 2010, when Petitioner Joshua Donavan was twenty years old, he was charged by indictment with conspiracy to distribute oxycodone and methadone and distribution of methadone. Apparently, Petitioner provided oxycodone to his co-defendant Logan Gaylord. Logan Gaylord then sold or otherwise provided twenty of those pills to Kelsey DeMaught. Kelsey DeMaught then sold or otherwise provided seven of those pills to Ryan Evins. Ryan Evins

apparently ingested some or all of the pills along with cocaine, and he died. Because Ryan Evins died from his drug use, which involved, in part, pills that originally came from Petitioner, Joshua Donavan faced a minimum of twenty years of imprisonment.

Nonetheless, on August 11, 2011, Petitioner entered a plea of guilty, and on December 9, 2011, the Court reluctantly sentenced Petitioner to the statutory minimum of twenty years.[1] Petitioner did not appeal. On June 18, 2012, Petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255 in the United States District Court for the Central District of Illinois. [#4:12-cv-4056] However, on November 27, 2012, Petitioner filed a motion to voluntarily withdraw his 2255 motion. [#4:12-cr-4056; Doc. #8] On order of the judge, the case was closed the following day and the petition was withdrawn.

### *Law and Analysis*

On May 5, 2014, Petitioner filed this instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He seeks review of his conviction and sentence in light of the recent Supreme Court case, Burrage v. U.S., --- U.S. ---; 134 S.Ct. 881 (2014), which

---

[1]"The sentence that I'm going to impose is already written in stone. There's nothing I can do about it today if I wanted to. I guess I could go higher, but that wouldn't make any sense in this case. I think the sentence, as you both know, is going to be really harsh. It's a sentence that Congress has determined is the appropriate sentence by law, by statute, and I must impose it." (S.Tr.12)

essentially held that: (1) at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of Controlled Substance Act applicable when death or serious bodily injury results from use of the distributed substance unless such use is a but-for cause of the death or injury, abrogating United States v. Monnier, 412 F.3d 859, and United States v. McIntosh, 236 F.3d 968, and (2) Burrage, *who distributed heroin used by victim who died of a drug overdose after also using other drugs, could not be convicted under the penalty enhancement provision, absent evidence that the victim would have lived but for his heroin use.* See also, Ford v. U.S., 134 S.Ct. 1274 (Mem)(2014)(judgment vacated, and case remanded to Eighth Cir. Court of Appeals for further consideration in light of Burrage); Paroline v. U.S., 134 S.Ct. 1157 (Mem)(2014)(granting motion for additional briefing in light of Burrage case).

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner is not challenging the manner in which

his sentence is being executed; rather, he is challenging the legality of his conviction and sentence in light of the <u>Burrage</u> case. Thus, his claim should be raised in a Section 2255 motion.

Although Petitioner previously filed a motion pursuant to 28 U.S.C. §2255 in the court of conviction, he requested voluntary dismissal, and the court granted his motion. [4:12-cv-4056; TEXT ONLY ORDER granting [8] Petitioner's Motion to Withdraw Motion to Vacate, Set Aside or Correct Sentence (2255), and as a result, finding as moot [6] Motion to Dismiss and withdrawing [1] Motion to Vacate, Set Aside or Correct Sentence (2255). Entered by Chief Judge James E. Shadid on 11/28/12] Thus, the 2255 motion Donavan previously filed was actually withdrawn at Plaintiff's request.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed.R.Civ.P. 41. **Because Petitioner's 2255 motion was withdrawn without adjudication, the dismissal was without prejudice. Thus, Donavan's petition before this court is not a "second or successive" petition.** See <u>U.S. v. Tamfu</u>, 2005 WL 3254581 (N.D.Tex. 12/1/05)("For purposes of AEDPA, the voluntary dismissal of movant's initial motion to vacate provides no basis for finding the instant motion is successive."); <u>citing</u> <u>High v. Ignacio</u>, 408 F.3d 585, 589 n. 4 (9th Cir. 2005) (recognizing that

4

a voluntary dismissal without prejudice does not count for purposes of determining whether a later filing is successive)(additional citations omitted).

Donavan may still raise his <u>Burrage</u> challenge in the court of conviction.  Thus, he has not shown that section 2255 is inadequate or ineffective.  Donavan's petition may be construed as a §2255 motion to vacate, set aside, or correct a sentence.  <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).  The proper jurisdiction for Donavan's motion, construed as a 2255, is the United States District Court for the Central District of Illinois.

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought.  28 U.S.C. §§1404, 1406.  "The district court has broad discretion in deciding whether to order a transfer." <u>Caldwell v. Palmetto State Sav. Bank of South Carolina</u>, 811 F.2d 916, 919 (5th Cir. 1987).

Because this Court is without jurisdiction to entertain Donavan's claim under §2255, **IT IS RECOMMENDED** that Donavan's case be **TRANSFERRED** to the United States District Court for the Central District of Illinois, the court of proper jurisdiction under §2255.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of June, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE